UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION                                              CAUSE NO. 2:21-CV-398

Jeffrey Macchia
PLAINTIFF

–v–

Landline Trans, LLC and Tamas Rosenberger
DEFENDANTS

# NOTICE OF REMOVAL

Landline Trans, LLC and Tamas Rosenberger remove this matter from the Lake Superior Court to this Court under 28 U.S.C. § 1441 *et seq*. In support of removal, Landline Trans, LLC and Rosenberger show the court that:

① On November 19, 2021, Jeffrey Macchia sued Landline Trans, LLC and Tamas Rosenberger in the Lake Superior Court. Macchia seeks damages for injuries he attributes to a November 1, 2020 traffic accident. His lawsuit was assigned cause no. 45D02-2111-CT-001152.

② A copy of Macchia's complaint and all pleadings and process served on Landline Trans, LLC and Rosenberger are attached as Exhibit A.[1]

③ Macchia is a resident of Lake County, Indiana, and an Indiana citizen.

④ Landline Trans, LLC is a limited liability company organized under the laws of Connecticut. It has one individual (non-corporate) member. That member is a citizen of Connecticut. Landline Trans, LLC's principle place of business is in Connecticut. It is a Connecticut citizen.

⑤ Rosenberger is a resident of Brooklyn, New York, and a New York citizen.

---

[1] 28 U.S.C § 1446(A). Rosenberger has not been served.

Cause No. 2:21-cv-398

⑥ This is an action between citizens of difference states.[2]

⑦ Macchia's complaint doesn't specifically demand a sum certain; Indiana law forbids specifying the damages sought in personal-injury suits.[3] But on October 20, 2021, Macchia's attorney demanded $1,000,000 to settle his client's claims.[4]

⑧ Based on the settlement demand, there is more than $75,000 in dispute,[5] exclusive of interest and costs, and the parties are diverse. This Court has original jurisdiction[6] and this action may be removed to this Court.[7]

⑨ Venue is proper in the Hammond division as the events leading to the incident Macchia complains about occurred in Lake County, Indiana.[8]

⑩ Landline Trans, LLC and Rosenberger served a notice of removal, with a copy of this removal notice, upon Macchia's counsel, and filed the

---

[2] 28 U.S.C. § 1332.

[3] Ind. T.R. 8(A)(2).

[4] See Exhibit B. Where the complaint lacks an *ad damnum* clause, a pre-suit settlement demand constitutes the amount "in controversy" for diversity jurisdiction. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

[5] In general, the proponent of jurisdiction has the burden of showing, by a preponderance of the evidence, facts that suggest the amount in controversy requirement is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006). That is easier said than done when the plaintiff doesn't want to be in federal court and provides little information about the value of his claims. *Id*. In such cases, "a [defendant's] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id*.

[6] 28 U.S.C. § 1332.

[7] 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

[8] 28 U.S.C. § 94(a)(3).

Cause No. 2:21-cv-398

notice of removal in the Lake Superior Court.[9]

Dated: December 22, 2021     /s/ J. Thomas Vetne
J. Thomas Vetne | 19606-64

**Jones Obenchain, llp**
130 S. Main St.
Suite 400
Post Office Box 4577
South Bend, IN 46634-4577

574.233.1194 ext. 141 | 574.233.8957 fax

jtv@jonesobenchain.com

Defendants' Attorney

### Certificate of Service

I certify that on December 22, 2021, I served this via email:

Mr. Timothy S. Schafer
Mr. Timothy S. Schafer, ii
Mr. Todd S. Schafer
Schafer & Schafer
3830 E. U.S. 30
Merrillville, IN 46410
*tim@schafer.legal*
*tim2@schafer.legal*
*todd@schafer.legal*

Plaintiff's Attorneys

/s/ J. Thomas Vetne
J. Thomas Vetne | 19606-64

---

[9] 28 U.S.C. § 1446(d).