UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEFFERY MACCHIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-CV-398-PPS |
| | ) |
| LANDLINE TRANS, LLC and TAMAS | ) |
| ROSENBERGER, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Defendants Landline Trans, LLC and Tamas Rosenberger filed a Motion to Exclude Plaintiff's Expert Witnesses [DE 56] on June 7, 2024. Plaintiff Jeffery Macchia filed his Response [DE 60] on June 20, 2024, and Defendants filed their Reply [DE 62] on June 27, 2024. That issue having been fully briefed, Macchia filed the present Motion for Leave to File a Sur-Reply [DE 70] on July 8, 2024. Because Macchia's proposed sur-reply does not respond to a new issue raised in Defendants' reply brief or to a new development in the law, Macchia's Motion for Leave to File a Sur-Reply is DENIED.

As a threshold matter, the Northern District of Indiana's Local Rules do not authorize the filing of a sur-reply. *Lafayette Life Ins. Co. v. City of Menasha, Wis.*, No. 4:09 CV 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) ("Local Rule 7.1(a) permits parties to file an initiating brief, a response, and a reply, but does not contemplate the filing of a surreply or response to the reply brief."). As a result, courts in this district generally do not permit litigants to file a sur-reply. *See Carteaux v. Town of Rome City*,

1

No. 1:22-cv-004455, 2023 WL 2366964, at *2 (N.D. Ind. Mar. 6, 2023). But there is a narrow exception to this rule. I have discretion to grant a litigant leave to file a sur-reply "when it raises or responds to some new issue or development in the law." *Merril Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. 2-09-cv-158, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009) (citation omitted). This exception does not apply here.

Macchia argues that Defendants' reply brief introduced new arguments when it cited two cases that Defendants previously had not relied upon to support their argument that Macchia's expert causation opinions were not formulated during treatment. [DE 70 at ¶ 3; DE 70-1 at 1.] Citation to previously uncited case law is not an independent basis to justify a sur-reply. There must be more. As mentioned, a party must have used the previously uncited cases to put forth a new argument or to indicate a new development in the law. *Merril Lynch Life Ins. Co.*, 2009 WL 3762974, at *1.

Macchia's proposed sur-reply does not respond to a new issue raised in Defendants' Reply, nor does it respond to a new development in the law. Macchia makes much of the fact that Defendants' two newly cited cases, neither of which is "new" in the sense that they are from 2011, rely on *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729 (7th Cir. 2010), which occurred before a December 2010 amendment to Federal Rule of Civil Procedure 26. Macchia's proposed sur-reply focuses on the December 2010 amendment's effect on *Myers*' holding. This is not a "new" argument that necessitates a sur-reply. In fact, Defendants' initial brief in support of their Motion to Exclude Plaintiff's Expert Witnesses acknowledges the December 2010 amendment to Rule 26. [*See* DE 57 at 8.] Moreover, Defendants' opening

2

brief argues that *Myers* is still good law. [*See id.* at 9.] It will be up to this Court to analyze Rule 26 and the pre-2010 amendment case law based upon the briefing already before this Court. *See Lafayette Life Ins. Co.*, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) ("The plaintiffs' surreply is another attempt to point to the weaknesses in the defendant's brief, and ignores that it is the court's duty to weigh the arguments, distinguish cases, and apply the law.").

Macchia also appears to argue that Defendants' Reply asserts a new argument that Macchia's experts did not determine causation at the time they treated Macchia after the accident at issue. Defendants counter that this argument was consistent with the reasoning put forth in their initial brief and does not merit a sur-reply. I agree. Defendants' opening brief argues that Macchia's experts must provide an expert report containing facts to support their causal conclusions regarding Macchia's injuries or provide a summary disclosure of facts upon which they based their opinions. [*See* DE 57.] In reply, Defendants reiterate this argument by asserting that Macchia's experts must provide a written report or summary disclosure because while Macchia's experts are treating physicians, they did not form their opinion as to causation while providing treatment to Macchia. This is a logical outgrowth of the argument Defendants put forth in their initial brief and does not merit a sur-reply. *See Alipourian-Frascogna v. Airways*, No. 21 C 0001, 2023 WL 5934897, at *6 (N.D. Ill. Sept. 12, 2023) ("Where a movant's reply is consistent with the reasoning put forward in its initial brief, a surreply is unnecessary.").

Accordingly, Macchia's Motion for Leave to File a Sur-Reply [DE 70] is DENIED.

3

SO ORDERED on August 13, 2024.

>/s/ Philip P. Simon
>PHILIP P. SIMON, JUDGE
>UNITED STATES DISTRICT COURT